(No. 12370.—Judgment affirmed.)

CHARLES H. LANG, Appellee, *vs.* FRED W. BLOCKI *et al.* Appellants.

*Opinion filed December 18, 1918.*

1. CORPORATIONS—*when an action for money had and received will lie against proposed incorporators.* Where parties proposing to organize a life insurance company receive from a subscriber a sum of money in full payment for a certain number of shares of stock and give him a receipt showing him to be entitled to such shares, fully paid and non-assessable, as soon as the proposed corporation shall be entitled to issue stock, an action for money had and received will lie against them if they abandon the attempt to organize the corporation.

2. SAME—*statute does not authorize incorporators of life insurance company to use subscriptions for expenses.* The statute providing for the organization of life insurance companies requires that the entire amount of capital subscribed and paid for shall remain as the capital of the company, and does not authorize the proposed incorporators to expend for expenses of selling stock and other preliminary expenses money paid in by a subscriber for shares of stock.

3. SAME—*publication of proposed charter is not notice of anything not required to be stated therein.* If the publication of a copy of the proposed charter of a life insurance company is notice at all it is not notice of anything not required by the statute to be stated therein, and is not notice of any supposed right of the proposed incorporators to spend a stock subscriber's money for organization expenses.

APPEAL from the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding.

ADELOR J. PETIT, and CHARLES F. McELROY, (DOUGLAS C. GREGG, of counsel,) for appellants.

JOHN W. CREEKMUR, and DONALD J. DEWOLFE, for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

Charles H. Lang, the appellee, brought his suit in the municipal court of Chicago against Fred W. Blocki, Sephas S. Driver, Julius C. Kirchner, Monroe Mundhenk, Gilman W. Petit and Maurice A. Barnett, the appellants, with four others who were not served with process, and recovered a judgment for $1093.75 and costs. The Appellate Court for the First District affirmed the judgment and allowed a certificate of importance and an appeal to this court.

Concerning the nature of the suit and the issues the abstract of record contains the following: "Statement and affidavit of claim filed May 12, 1915; affidavit of merits filed August 10, 1915; amended affidavit of merits filed January 22, 1917." This is followed by the waiver of a jury trial, a finding of the issues against the defendants, motions for a new trial and in arrest of judgment overruled, and a judgment on the finding for $1093.75 and costs. The abstract gives no hint or suggestion of the nature of the suit. It contains a stenographic report of evidence introduced and a stipulation of facts, but no propositions of law were offered and no errors are assigned on any ruling of the court, the only errors assigned being to the finding on the issues, assessing damages and entering judgment. On such an abstract the judgment would necessarily be affirmed, but the appellee has supplied the want of a proper abstract by filing an additional one containing the statement of claim and the amended affidavit of merits, and the parties have argued at length the question whether the finding and judgment were justified by the evidence.

The statement of claim contained in the additional abstract alleged that the defendants associated themselves together to organize a corporation by the name of Independence Life Insurance Company of America; that the plaintiff subscribed for fifty shares of the stock of the projected cor-

poration of the par value of $10 each, and paid therefor to the defendants $1000 on the representation that the stock was selling at double par; that he received a receipt for the money, with an agreement to issue to him the stock as soon as the corporation should become entitled to issue its capital stock; that the organization of the corporation was never completed and the attempt to organize it was abandoned, and that no shares of stock were ever issued to him and he had demanded a return of his money. The amended affidavit of merits admitted the facts alleged and set up as a defense that the plaintiff was informed when he paid his money that it was to be used by the defendants in the organization of the corporation, and he authorized them to expend his money for the expenses of selling stock and for rents, telephone service, clerk hire and other expenses incurred in procuring the balance of the subscriptions and completing the organization; that the defendants used the money for such expenses, and that the plaintiff knew that his money was to be used and subsequently knew that it was being used in that way. The defendants offered no evidence of any agreement by the plaintiff that his money might be used for the purposes alleged or that he was told or knew that the money was to be so expended but it was proved that his money had been spent for the purposes stated in the affidavit of merits. The only evidence offered to show knowledge on the part of the plaintiff that his money might be used for expenses was the fact that a copy of the charter proposed to be adopted by the corporation when organized was printed in the *Chicago Legal News,* and that the copy of the charter so published stated that the defendants, as organizers of the corporation, should pay all the necessary expenses and costs of the organization and keep just and true accounts of all the receipts and disbursements and just and true accounts between the company and each of its subscribers.

As there were no propositions of law submitted nor any ruling of the trial court on which error is assigned, the only

questions open to consideration are whether the statement of claim showed a cause of action, and whether the publication of a copy of the charter was a defense, in law, to such cause of action.

Cases of sales of stock of corporations and the rights of purchasers to rescind or set aside such sales for fraud or deceit or on any other ground are not pertinent to either question to be considered. The defendants, who were proposing to organize a life insurance company, received $1000 from the plaintiff and gave him a receipt for the same in full payment for fifty shares of the capital stock of the par value of $500, and by the receipt agreed to issue to him such shares, fully paid and non-assessable, as soon as the corporation should become entitled to issue its capital stock under the laws of the State of Illinois. The corporation was not created and the defendants abandoned the attempt to complete the organization, and being unable to perform the contract the law permitted an action for money had and received after a demand for a return of the money.

Whether the money of a subscriber to capital stock can be used by corporators for expenses of trying to sell stock to others and for rents, telephone service, clerk hire and other expenses of the corporators, and whether he is bound by notice of authority to make such use of his money by the publication of a copy of the charter, must be determined by the provisions of the statute. The act providing for the organization and regulation of the business of life insurance permits any number of persons not less than nine to organize an incorporated company for that business, and provides that they shall file with the insurance superintendent their declaration, signed by each of them, setting forth their intention and containing a copy of the charter they propose to adopt; that if the declaration is found sufficient it is to be recorded and a certified copy furnished to the corporators; that after publishing a copy of the declaration they may open books to receive subscriptions to the capital stock

and proceed to collect in such capital and complete the organization; that the Auditor shall examine the capital, and a majority of the directors shall make oath that the money has been paid in by the stockholders toward payment of their respective shares and not for any other purpose, and it is intended the same shall remain as the capital of the company, to be invested as required by the laws of this State, and that whenever the corporators shall have fully organized the company and the company shall have deposited with the Auditor the required amount of capital, it shall become his duty to furnish the corporation with a certificate of deposit, which, with the certified copy of the declaration, shall be filed for record in the office of the recorder of deeds where the company is to be located, when the corporation may commence business and issue policies. The statute requires that the entire amount of capital stock shall be subscribed and paid for and shall remain as the capital of the company, and it gives no warrant for the expenditure of money subscribed for capital stock in payment of expenses incurred by corporators in the attempt to form a corporation. Whether a corporation, when formed, may reimburse the corporators for their expenses is not involved in this case. The only claim of the defendants that the plaintiff was bound by notice that his money could be used for expenses contrary to the statute is the publication in the *Chicago Legal News* of a copy of the charter proposed to be adopted when the corporation should be created, so that he would receive no shares of stock if the scheme should be abandoned. The statute provides that the proposed charter shall set forth the name of the company, the place where it is to be located, the mode and manner in which the corporate powers are to be exercised, the manner of electing the trustees or directors and officers, (a majority of whom shall be citizens of this State at the time of such election,) the manner of filling vacancies, the amount of capital stock, and such other particulars as may be necessary to explain and make mani-

fest the objects and purposes of the company and the manner in which it is to be conducted. If the publication of a copy of a charter is intended to constitute or does constitute notice, the matters to be stated therein do not include or authorize any provision relating to the acts or authority of the corporators before the corporation would come into being, and the inclusion of such matters could not operate as notice to anyone.

The judgment is affirmed.        *Judgment affirmed.*